**LAWYERS TITLE INSURANCE CORPORATION, Appellant,**

v.

**NORTHEAST TEXAS DEVELOPMENT COMPANY, et al., Appellees.**

**No. 1522.**

Court of Appeals of Texas, Tyler.

June 24, 1982.

Rehearing Denied July 15, 1982.

Nathan L. Hecht, Locke, Purnell, Boren, Laney & Neely, Dallas, Stephen Oden, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Charles D. Barnette, Arnold, Arnold, Lavender & Rochelle, John D. Raffaelli, Texarkana, for appellees.

SUMMERS, Chief Justice.

This is a note collection case wherein the trial court denied Lawyers Title Insurance Corp.'s (Lawyers Title) motion for summary judgment against the defendants, Northeast Texas Development Co. (NTD), C. C. Barnette (Barnette), and James H. Thomas (Thomas). The defendants' motion for summary judgment against Lawyers Title was granted. Lawyers Title, the plaintiff, appeals claiming the defendants are liable on the note in question.

We agree with Lawyers Title and reverse and remand the case.

The undisputed facts show that NTD borrowed $50,000 from a company known as Associates Capital Company, Inc. (ACC) which loan was secured by a promissory note and a deed of trust on a piece of property hereinafter referred to as tract one. The note was guaranteed by defendants Barnette and Thomas who were directors, officers and shareholders of NTD.

The following year NTD obtained a loan from Modern American Mortgage Corporation (Modern) in the amount of $125,000, again secured by a note and a deed of trust on the same tract one.[1] Modern had Lawyers Title Insurance Corp., the plaintiff, issue a title insurance policy on tract one. Lawyers Title, however, failed to note or except ACC's first lien on the property when the title policy was issued to Modern Mortgage.

Not long thereafter, the corporate defendant, NTD, became delinquent on both notes whereupon ACC and Modern both posted notices of foreclosures on tract one. In order to protect Modern's priority on tract one, Lawyers Title agreed with ACC to purchase its note, guarantee and deed of trust. Thereafter Modern sold tract one at its foreclosure sale to Watertown Savings Bank.

Lawyers Title fulfilled its agreement to purchase ACC's note, guarantee and deed of

---

1. Modern's loan was also secured by liens against tracts two and three. However, these liens are not in issue in this case.

trust. Proceeding then as the holder of such instruments, Lawyers Title filed suit against NTD and the guarantors, Thomas and Barnette, in order to collect the balance left owing on the original $50,000 loan.

Guarantor Thomas filed a counterclaim against Lawyers Title seeking to have Lawyers Title foreclose its lien on tract one or, alternatively, if Thomas had to pay the note under his guaranty, to have the lien on tract one transferred to him. NTD and Barnette filed similar counterclaims against Lawyers Title. While these counterclaims were pending, Lawyers Title released the deed of trust on tract one assigned to it by ACC.

As previously noted, both sides filed motions for summary judgment. The plaintiff, Lawyers Title Insurance, sought judgment against NTD, Barnette and Thomas to collect the amount left owing on the original ACC note of $50,000. Barnette and Thomas sought a take-nothing judgment against Lawyers Title on the theory that they, as guarantors, had been discharged from liability on the note when Lawyers Title released the deed of trust on tract one. The trial court denied Lawyers Title's motion and granted the defendants' motions for summary judgment.

Although Lawyers Title, as appellant, urged 27 points of error, our holding on points of error 4 and 5 is dispositive of this appeal. The issue under those two points is whether the guarantors were discharged from liability on the note when Lawyers Title released the deed of trust securing such note.

The question is governed by § 3.606 of the Texas Business and Commerce Code, the Uniform Commercial Code as adopted by Texas. This section of the Code provides that the holder discharges any party to the instrument to the extent that *without such party's consent* the holder unjustifiably impairs any collateral for the instrument. Tex.Bus. & Com.Code Ann. § 3.606(a)(2) (Tex.UCC) (Vernon 1968).

■ The release of a security interest in the collateral has been held to be an unjust-ifiable impairment unless the guarantors consent to such action. *Wilson v. Baxley,* 155 Ga.App. 507, 271 S.E.2d 655 (1980); *Tolzman v. Gwynn,* 22 Md.App. 564, 324 A.2d 179, 183–4 (1974, cert. denied.). Comment 2 to § 3.606 speaks to the issue of consent:

> Consent may be given in advance, and is commonly incorporated in the instrument; or it may be given afterward. It requires no consideration, and operates as a waiver of the consenting party's right to claim his own discharge.

In the case at bar, the guarantee signed by Barnette and Thomas included the following language:

> This guarantee shall be a continuing guarantee, and the liability of the guarantors hereunder shall in no way be affected, modified or diminished ... by reason of any substitution or release of security, whether or not notice thereof is given to the guarantors.

■ We believe the language of the guarantee is clear and unequivocal: the liability of the guarantors on NTD's note was not affected, modified nor diminished when Lawyer's Title released the deed of trust on tract one.

Appellee Thomas argues that we should hold differently because Lawyers Title was not the original payee on the note. We have been cited no cases wherein the provisions of § 3.606 have been applied differently to an assignee of a promissory note, and we are not inclined to hold that a different rule should apply in such a case.

Appellant's points of error 4 and 5 are sustained. The judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.